# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | ) |
| Shawan Spragans | ) USDC Case Number: CR-16-00292-002 YGR |
| | ) BOP Case Number: DCAN416CR00292-001 |
| | ) USM Number: 97633-011 |
| | ) Defendant's Attorney: Linda Ann Fullerton (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: One, Two, Four, Six, Eight, Nine, and Ten of the Indictment

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Conspiracy to Commit Robbery Affecting Interstate Commerce, Robbery Affecting Interstate Commerce | April 21, 2016 | 1,2,4,6,8 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharging a Firearm During and In Relation to a Crime of Violence | April 7, 2016 | 9 |
| 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c) | Felon in Possession of a Firearm and Ammunition | April 21, 2016 | 10 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☑ Counts Three, Five, and Seven are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/27/2017
Date of Imposition of Judgment

*[Signature]*
Signature of Judge
The Honorable Yvonne Gonzalez Rogers
United States District Judge
Name & Title of Judge

May 3, 2017
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
276 months. This term consists of terms of 120 months for each of Counts One, Two, Four, Six, Eight, and Ten, all counts to be served concurrently; 120 months Count Nine, to be served consecutive to all other counts; and 36 months for the violation in Docket 05-CR-00271-1- YGR, to be served consecutive to all other counts.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

- [x] The Court makes the following recommendations to the Bureau of Prisons:
  The Court recommends that the defendant participate in the Bureau of Prisons Residential Drug Abuse Treatment Program. The defendant shall be designated to the Bureau of Prisons' facility at Atwater, California or an institution near Northern California to facilitate visitation with his family.
- [x] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at   on   (no later than 2:00 pm).
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] at   on   (no later than 2:00 pm).
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Five years.</u> This term consists of terms of three years on each of Counts One, Two, Four, Six, Eight, and Ten, and five years on Count Nine, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall have no contact with victims, unless otherwise directed by the probation officer.

2. The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

3. The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5. The defendant shall not have contact with any codefendant in this case, namely Merl Simpson and Kristoffer Jones.

6. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

7. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

8. The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. When not employed at least part-time and/or enrolled in an educational or vocational program, the defendant shall perform up to 20 hours of community service per week as directed by the United States Probation Office.

10. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

11. The defendant shall abstain from the use of all alcoholic beverages.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $700       | Waived   | $2,014          |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Walgreens Recovery - c/o Store #2609<br>1411 Lake Cook Rd. MS: 413<br>Deerfield, IL 60015 | | $514.00 | |
| Smokey Joe's BBQ/Joshua Kemper<br>3015 Shattuck Avenue<br>Berkeley, CA 94705 | | $1,500.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $2,014.00 | |

☑ Restitution amount ordered pursuant to plea agreement: Not less than $1,628.00.

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the .

    ☐ the interest requirement is waived for the  is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

**A** ☐ Lump sum payment of $2,714.00 due immediately, balance due

    ☐ not later than , or
    ☑ in accordance with ☐ C, ☑ D, or ☐ E, and/or ☑ F below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of <u>years</u> (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Payment in equal <u>monthly</u> (e.g., weekly, monthly, quarterly) installments of <u>no less than $100</u> over a period of <u>months</u> (e.g., months or years), to commence <u>60 days</u> (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Merl Simpson: 0971 4:16CR00292-2 | $2,014.00 | $2,014.00 | |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States: A .38 caliber RG Industries Model RG31 revolver bearing serial number 027318; a .357 caliber Taurus revolver bearing serial number TF818373; ad any ammunition involved in this offense.

☑ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

---

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.