1

2          **UNITED STATES DISTRICT COURT**

3          **NORTHERN DISTRICT OF CALIFORNIA**

4

5    **UNITED STATES OF AMERICA,**              Case Nos.  4:16-cr-00292-YGR-1; 4:05-cr-
                                                00271-YGR
                  Plaintiff,
6
                                                **ORDER DENYING MOTION FOR**
7          v.                                   **COMPASSIONATE RELEASE**

8    **SHAWAN SPRAGANS,**

                  Defendant.
9

10          Defendant Shawan Spragans has filed a motion for compassionate release pursuant to 18

11   U.S.C. § 3582(c)(1)(A).  In short, the defendant's motion requests relief on the grounds that his

12   sentence is unusually long, and that COVID-19 has placed him at an increased risk of infection

13   and death since he suffers from high blood pressure, high cholesterol, heart disease, strokes,

14   gastric issues, and respiratory issues.[1]  As alleged, his medications also cause his immune system

15   to be compromised.  Having closely considered the motion, the record, and familiar with the

16   background and circumstances of this case, the motion is **DENIED**.[2]

17          By way of background, the defendant is 47 years old and is currently serving a 276-month

18   sentence for violent Hobbs Act and armed robbery offenses that included the firing of a weapon.

19   His anticipated release date is April 2036.  The guidelines for the underlying crimes was 271 to

20   308 months, so his ultimate sentence did not exceed the pertinent guidelines and fell at the lower

21   end of the rage.  Since being imprisoned, the defendant has had a less than exemplary record.

22   Recently he has received infractions for possessing a weapon and fighting another inmate: the

23   severity of each is significant.  Over and above these two infractions, he has many other

24   infractions between 2019 and 2020 for fighting, threatening bodily harm, and refusing orders.

25

26          [1]  In connection with its opposition, the government filed two motions to seal defendant's
     medical records.  Defendant's privacy interest in the medical records outweigh the public's
27   interest in those documents.  Accordingly, the motions to seal are **GRANTED**.

28          [2]  At the time this order was issued, a reply brief was not filed or received.  Based upon a
     review of the record and issues provided, a reply would not change the outcome of this motion.

United States District Court
Northern District of California

1    Despite the gravity of COVID-19 that the defendant highlights, the defendant has refused

2    to be vaccinated against COVID-19.  That is his choice.  However, as to his remaining health

3    conditions, he has continued to receive treatment.  Indeed, defendant previously filed a motion to

4    reduce his sentence based upon "debilitated medical condition," which was denied two years ago

5    by the Warden on the grounds that he was not confined to a bed or chair for more than 50% of

6    waking hours.  Against this backdrop, the defendant brings his motion.

7    The Court may modify a previously imposed sentence upon motion of the BOP or motion

8    of the defendant under the compassionate release provision of 18 U.S.C. section 3582(c)(1)(A), as

9    amended by the First Step Act which added a provision to allow defendants, not only the Director

10   of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or

11   waiting 30 days after the warden's receipt of a request.  *See United States v. Rodriguez*, 424 F.

12   Supp. 3d 674, 680 (N.D. Cal. 2019).  When the Court has jurisdiction over a defendant's motion,

13   section 3582(c)(1)(A)(i) provides that the Court may reduce an imposed prison term if the Court

14   finds that "extraordinary and compelling reasons warrant such a reduction," any "reduction is

15   consistent with applicable policy statements issued by the Sentencing Commission," and after

16   considering the applicable factors set forth in 18 U.S.C. section 3553(a).  The Ninth Circuit has

17   held that the current version of United States Sentencing Guideline section 1B1.13 "is not an

18   applicable policy statement" for defendant-filed motions for compassionate release, such as the

19   motion at issue here.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

20   While the Section 1B1.13 policy statement is no longer binding, it may still "inform the

21   district court's discretion" for what constitutes extraordinary and compelling reasons warranting

22   release.  *Id.* at 802.  The policy statement outlines that "extraordinary and compelling reasons"

23   include: (1) medical conditions which diminish the ability of the defendant to provide self-care in

24   prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and

25   compelling reasons that exist either separately or in combination with the previously described

26   categories.  USSG § 1B1.13, Application Note 1(A).  Ultimately, "[a] defendant bears the burden

27   to show special circumstances meeting the bar set by Congress . . . for compassionate release to be

28   granted."  *See United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. 2020).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Of note, section 3582(c)(1)(A) also contains an "administrative exhaustion requirement

2    [that] imposes a mandatory claim-processing rule that must be enforced when properly invoked."

3    *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).  As the statutory language provides,

4    the court may only modify a term of imprisonment "upon motion of the defendant after the

5    defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

6    to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

7    request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  In other words,

8    defendant may request compassionate release upon his own motion only if (1) he "has fully

9    exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

10   the defendant's behalf" *or* (2) thirty days have "lapse[d] . . . from the receipt of such a request by

11   the warden of the defendant's facility."  *Id*.  Based upon the motion, the defendant filed a petition

12   for compassionate release on November 17, 2022, that was denied.  Neither party indicates the

13   date the petition was denied by the Warden.  From the motion, the Court understands that the

14   defendant is proceeding on the grounds of exhaustion as opposed to the lapse of 30 days from his

15   request.

16        Here the government argues that the defendant has failed to exhaust on two grounds.  First,

17   to the extent defendant filed a motion in 2021 for having a "debilitated medical condition," that

18   motion did not concern the issues raised in this motion.  The Court agrees that the motion in 2021

19   is not the basis for the defendant's present request and did not trigger the administrative process

20   with respect to the present motion.

21        As to the second ground, the government argues that based upon the petition for

22   compassionate release attached to the motion, the defendant appears to have not "fully" exhausted

23   his administrative remedies as required.  As at least one court in this district has acknowledged,

24   district courts are split as to whether issue exhaustion is required in compassionate release.  *See,*

25   *e.g.*, *United States v. Bakhtiari*, No. CR 18-0009 WHA, 2022 WL 1289050, at *1 (N.D. Cal. Apr.

26   30, 2022) (collecting cases and finding that issue exhaustion is required).  However, the Court

27   does not need to resolve whether issue exhaustion applies because defendant's petition did not

28   proffer *any* basis.  As the document shows, defendant indicated that "i [sic] would like to be put in

1  for compassionate release." (Dkt. No. 163 at 12.)  Without more, this is a bare request.  Pursuant

2  to BOP regulations, a "request shall at a minimum contain the following information . . . [t]he

3  extraordinary or compelling circumstances that the inmate believes warrant consideration."  28

4  C.F.R. § 571.61(a)(1).[3]  Indeed, where courts have considered issue exhaustion, specific bases

5  were proffered in the request.  *See, e.g.*, *Bakhtiari*, 2022 WL 1289050, at \*2 (highlighting medical

6  conditions, children living in Dallas, and immigration issues).  Thus, in light of the foregoing, the

7  Court finds that the defendant has failed to fully exhaust administrative remedies and the motion

8  for compassionate release is denied.

9          Even were the Court to find that exhaustion was satisfied, defendant has failed to show

10  compelling and extraordinary circumstances to justify compassionate release.  General reliance on

11  COVID-19 is insufficient to support release on its own.  *See United States v. Raia*, 954 F.3d 594,

12  597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may

13  spread to a particular prison alone cannot independently justify compassionate release, especially

14  considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

15  spread.").  There is no serious dispute that the risks posed by COVID-19 have been substantially

16  mitigated, including by the availability of vaccines.  *See, e.g.*, *United States v. Lemons*, 15 F.4th

17  747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when

18  the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and

19  compelling reason' warranting a sentencing reduction."); *United States v. Broadfield*, 5 F.4th 801,

20  803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it

21  impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for

22  immediate release.").  Where inmates, such as the defendant here, have refused vaccines, "[t]he

23  glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a

24  defendant's compassionate release motion."  *United States v. Sawyers*, No. CR 15-00070-RSWL-

25  1, 2021 WL 2581412, at \*4 (C.D. Cal. June 22, 2021).  Evidence submitted in connection with the

26  motion also reveals that his medical conditions are being managed.

27

28          [3]  The regulation predates the First Step Act.  This is immaterial though because there is still an exhaustion process evinced in the statute.

United States District Court
Northern District of California

1    Nor do the factors under 18 U.S.C. § 3553(a) support release.  There is little doubt that the

2 defendant engaged in several violent crimes and has an extensive criminal history.  His violence

3 has continued into prison, where he has engaged in physical altercations and been found with a

4 weapon.  These are significant and severe infractions that cannot be ignored.  He has not

5 demonstrated through evidence that he does not pose a threat to the community if released and that

6 he is remorseful for his crimes.  To the extent that defendant argues that guidelines would now put

7 him at 156 months as opposed to 276 months for his violent crimes, the argument is not supported

8 by law.  Even with a reduction, he would still be in prison for several years, so the request is

9 premature, and the sentence disparity is but one factor to consider.

10    This Order terminates Docket 163 and 168 is Case No. 16-292 and Docket Numbers 114

11 and 118 in Case No. 05-271.

12    IT IS SO ORDERED.

13 Dated:  March 14, 2023

14 _____
   YVONNE GONZALEZ ROGERS

15 UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                Plaintiffs,<br><br>        v.<br><br>SHAWAN ISHMILL SPRAGANS,<br><br>                Defendants. | Case Nos.:<br>4:05-cr-00271-YGR-1<br><br>4:16-cr-00292-YGR-1<br><br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

    (1)    I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

    (2)    On 3/14/2023, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Shawan Ishmill Spragans
97633-011
U.S. Penitentiary Thomson
P.O. Box 1002
Thomson, IL 61285

Dated: 3/14/2023

Mark B. Busby
Clerk of Court, United States District Court

By: _____
Ivy Lerma Garcia, Deputy Clerk to
the Honorable Donna M. Ryu